The Honorable Olin Cook State Representative 206 South Enid Avenue Russellville, Arkansas 72801-4534
Dear Representative Cook:
I am writing in response to your request for my opinion on the following question:
 Pursuant to provisions of the Regional Intermodal Facilities Act [the "Act"], A.C.A. §§ 14-143-101 through -129, does the Russellville River Valley Intermodal Facilities Authority [the "Authority"] have to obtain approval from the Russellville Planning Commission and/or the Russellville City Council in order to subdivide land now owned or hereafter acquired by the Authority and develop that land for use by the Authority and/or for sale or lease to third parties?
You report that the facility at issue is located in an unincorporated area of Pope County approximately two miles from the Russellville corporate boundaries.
RESPONSE
In my opinion, assuming the city intends to exercise its territorial jurisdiction within the area reflected in its planning area map, the answer to this question is "yes."
Section 14-56-417 of the Arkansas Code provides:
 (a)(1) Following adoption and filing of a master street plan, the commission may prepare and shall administer, after approval of the legislative body, regulations controlling the development of land.
(2) The development of land includes, but is not limited to:
(A) The provision of access to lots and parcels;
(B) The extension or provision of utilities;
(C) The subdividing of land into lots and blocks; and
 (D) The parceling of land resulting in the need for access and utilities.
 (b)(1) The regulations controlling the development of land may establish or provide for the minimum requirements as to:
(A) Information to be included on the plat filed for record;
 (B) The design and layout of the subdivision, including standards for lots and blocks, street rights-of-way, street and utility grades, and other similar items; and
 (C) The standards for improvements to be installed by the developer at his own expense such as street grading and paving; curbs, gutters, and sidewalks; water, storm and, sewer mains; street lighting; and other amenities.
 (2)(A) The regulations may permit the developer to post a performance bond in lieu of actual installation of required improvements before plat approval.
 (B) They may provide for the dedication of all rights-of-way to the public.
 (3)(A) The regulations may govern lot or parcel splits, which is the dividing of an existing lot or parcel into two (2) or more lots or parcels.
 (B) No deed or other instrument of transfer shall be accepted by the county recorder for record unless the deed or other instrument of transfer is to a lot or parcel platted and on file or accompanied with a plat approved by the commission.
 (4) The regulations shall establish the procedure to be followed to secure plat approval by the commission.
 (5)(A) The regulations shall require the developer to conform to the plan currently in effect.
 (B)(i) The regulations may require the reservation, for future public acquisition of land for community or public facilities indicated in the plan.
 (ii) This reservation may extend over a period of not more than one (1) year from the time the public body responsible for the acquisition of reserved land is notified of the developer's intent.
 (6) When a proposed subdivision does not provide areas for a community or public facility based on the plans in effect, the regulations may provide for reasonable dedication of land for such public or community facilities, or for a reasonable equivalent contribution in lieu of dedication of land, such contribution to be used for the acquisition of facilities that serve the subdivision.
 (c) Within the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map, the county recorder shall not accept any plat for record without the approval of the planning commission.
Subject to legislative approval, this statute affords the planning commission regulatory authority over the development, including the subdivision, of lands lying within its territorial jurisdiction. Subsection (c) of the statute is unequivocal in declaring that no plat can be filed of record without first having been approved by the planning commission.
Implicit in your request is a suggestion that the planning commission's power of approval might not extend to the activities of a public corporation like the Authority. See A.C.A. § 14-143-104 (designating intermodal facilities public corporations engaged in governmental functions for a public purpose). However, nothing in A.C.A. § 14-56-417
restricts the planning commission's control over development to private entities. Cf. Ark. Op. Att'y Gen. Nos. 91-120 and 92-024 (suggesting that, in the absence of clear legal precedent, the question of whether a public entity is subject to a city's zoning, as opposed to planning, authority might involve a balancing of interests on a case-by-case basis). On the contrary, subject to the city council's oversight, the statute clearly envisions that the planning commission will monitor all development within its territorial jurisdiction to accord with the master street plan. Subsections 14-56-417(b)(3)(B) and (c) of the Code expressly provide that the recorder may not accept for record any deed or instrument of transfer unless the plat of the property has been approved by the commission. Section 14-56-417 further empowers the planning commission, subject to legislative oversight, to regulate all subdivision development within its territorial jurisdiction. This provision is consistent with A.C.A. § 14-56-412(f)(1), which dictates that any public development of property contained with the area covered by a master plan be submitted to the planning commission for approval. The statute makes no exception for the development activities of an entity like the Authority.
Finally, assuming the city's planning map includes the area at issue, I believe the planning commission has regulatory authority over the development notwithstanding the fact that the proposed subdivision is located in an unincorporated area approximately two miles outside the Russellville corporate limits. Subsection 14-56-413(a)(1)(A) of the Code provides: "The territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits." Moreover, A.C.A. § 14-17-208(i) affords municipalities the power to control the subdivision of land in unincorporated areas adjoining the city's corporate limits.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh